IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**RENATO ZETINA-RABELO,**
**on behalf of himself and all**
**others similarly situated,**

CASE NO. 17-cv-481

      **Plaintiffs,**

v.

**MOVIDA, LLC,**
      **Defendant.**

## COLLECTIVE ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective action brought by Plaintiff Zetina-Rabelo, on behalf of himself and all other similarly situated current and former employees who work or have worked at Movida, LLC.

2. Plaintiff Zetina-Rabelo was employed by Movida, LLC as a prep cook and dishwasher.

3. Plaintiff Zetina-Rabelo brings this action on behalf of himself and other similarly situated current and former back-of-house employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Zetina-Rabelo also brings this action on behalf of himself for purposes of obtaining relief under Wisconsin's wage laws for unpaid

overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction under 28 U.S.C. § 1331, because this case presents federal questions brought under the FLSA.

5. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendant Movida, LLC has substantial and systematic contacts in this district.

## PARTIES

7. Defendant Movida, LLC ("Movida") is a Wisconsin Limited Liability Corporation with its principal place of business in Wisconsin at 524 S. 2nd Street, Milwaukee, Wisconsin 53204.

8. Movida operates Movida Restaurant located at 524 S 2nd Street, Milwaukee, Wisconsin 53204.

9. Movida's registered agent is Aaron Gersonde, located at N. Seneca Road, Fox Point, Wisconsin 53217.

10. Plaintiff Renato Zetina-Rabelo ("Zetina-Rabelo") is an adult who resides in Milwaukee County in the State of Wisconsin. Zetina-Rabelo's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to and is made a part of this Complaint. Plaintiff Zatina-Rabelo has worked as a Prep Cook and Dishwasher for Movida.

11. Plaintiff Zetina-Rabelo brings this action on behalf of himself and all other similarly situated employees in the FLSA Back-of-House Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The FLSA Back-of-House Class is defined as follows:

> All persons who worked or work for Movida, LLC as back-of-house employees including its Cooks, Prep Cooks, Dishwashers at any time since April 3, 2014.

**GENERAL ALLEGATIONS**

12. Plaintiff Zetina-Rabelo and the FLSA Back-of-House Class work, or have worked, for Movida as Back-of-House within the three years preceding the filing of this complaint.

13. Movida has suffered or permitted Plaintiff Zetina-Rabelo and the FLSA Back-of-House Class to regularly perform work in excess of forty hours in a week in many workweeks since April 3, 2014.

14. Movida has failed and continues to fail to compensate Plaintiff Zetina-Rabelo and the FLSA Back-of-House Class at a rate of one and one-half times the class members' regular rate of pay for all hours worked in excess of forty hours in a week in most workweeks since April 3, 2014.

15. Since April 3, 2014, Movida has failed to properly calculate the overtime rate when the FLSA Back-of-House Class have worked more than forty hours in a workweek.

16. As a result, Plaintiff Zetina-Rabelo and the Back-of-House Class members were not paid overtime compensation for hours worked over forty in most workweeks during the relevant statutory period.

17. Movida's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Zetina-Rabelo and the Back-of-House Class members.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

18. Plaintiff Zetina-Rabelo and the FLSA Back-of-House Class that he brings this action on behalf of, are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Movida's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing to pay overtime compensation in most workweeks. The claims of Plaintiff Zetina-Rabelo stated herein are the same as those of the FLSA Back-of-House Class they seek to represent.

19. Plaintiff Zetina-Rabelo, and the FLSA Back-of-House Class seek relief on a collective basis and challenge Movida's policies and practices which lead to federal wage violations.

20. As a result of the above alleged uniform pay practices, Movida has failed to pay Plaintiff Zetina-Rabelo and the FLSA Back-of-House Class the required overtime wages for all hours worked over forty in most workweeks.

21. The FLSA 216(b) FLSA Back-of-House Class are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from Movida. Notice can be provided to the FLSA Back-of-House Class via first class mail to the last address known to Movida and through posting at Movida's facilities in areas where postings are normally made.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as Amended

22. Plaintiff Zetina-Rabelo, on behalf of himself and the FLSA Back-of-House Class, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

23. In the three years from the filing of this complaint, Plaintiff Zetina-Rabelo and the FLSA Back-of-House Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

24. Movida is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

25. In the three years from the filing of this Complaint, Movida was an employer of Plaintiff Zetina-Rabelo and the FLSA Back-of-House Class as provided under the FLSA.

26. As a result of the above alleged practices, Movida violated the FLSA by failing to account for and compensate Plaintiff Zetina-Rabelo and the FLSA Back-of-House Class for overtime compensation for each hour they worked within various workweeks.

27. Plaintiff Zetina-Rabelo and the FLSA Back-of-House Class are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Movida acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

28. Movida has failed to post certain information regarding the FLSA in its establishment.

29. Movida's failure to properly compensate Plaintiff Zetina-Rabelo and the FLSA Back-of-House Class was willfully perpetrated and Plaintiff Zetina-Rabelo and the FLSA Back-of-House Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

30. Alternatively, should the Court find that Movida did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Zetina-Rabelo and the FLSA Back-of-House Class are entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees

expended in successfully prosecuting an action for unpaid minimum wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violation of Wisconsin Law –**
**Unpaid Overtime Wages**

31. Plaintiff Zetina-Rabelo, on behalf of himself, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

32. Since April 3, 2015, Plaintiff Zetina-Rabelo was an employee within the meaning of Wis. Stat. §§ 109.01 et seq.

33. Since April 3, 2015, Plaintiff Zetina-Rabelo was an employee within the meaning of Wis. Stat. §§ 103.001 *et seq*.

34. Since April 3, 2015, Plaintiff Zetina-Rabelo was an employee within the meaning of Wis. Stat. §§ 104.01 *et seq*.

35. Since April 3, 2015, Plaintiff Zetina-Rabelo was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

36. Since April 3, 2015, Plaintiff Zetina-Rabelo was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

37. Since April 3, 2015, Movida was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

38. Since April 3, 2015, Movida was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

39. Since April 3, 2015, Movida was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

40. Since April 3, 2015, Movida was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

41. Since April 3, 2015, Movida was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

42. Since April 3, 2015, Movida has employed Plaintiff Zetina-Rabelo within the meaning of Wis. Stat. §§ 109.01 *et seq*.

43. Since April 3, 2015, Movida has employed Plaintiff Zetina-Rabelo within the meaning of Wis. Stat. §§ 103.001 *et seq*.

44. Since April 3, 2015, Movida has employed Plaintiff Zetina-Rabelo within the meaning of Wis. Stat. §§ 104.01 *et seq*.

45. Since April 3, 2015, Movida has employed Plaintiff Zetina-Rabelo within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

46. Since April 3, 2015, Movida has employed Plaintiff Zetina-Rabelo within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

47. Since April 3, 2015, Movida has had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Zetina-Rabelo overtime compensation for all hours worked in excess of forty hours in a workweek.

48. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

49. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime wages.

50. As set forth above, Plaintiff Zetina-Rabelo has sustained losses in his compensation as a proximate result of Movida's violations. Accordingly, Plaintiff Zetina-Rabelo seeks damages in the amount of his unpaid compensation, injunctive relief requiring Movida to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff Zetina-Rabelo may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

51. Plaintiff Zetina-Rabelo seeks recovery of attorneys' fees and the costs of this action to be paid by Movida, pursuant to the Wisconsin law.

### THIRD CLAIM FOR RELIEF
**Violations of Fair Labor Standards Act and Wisconsin Law –
Unpaid Agreed Upon Wages, Minimum Wages, and Overtime**

52. During the period of April 29, 2016 to May 5, 2016, Movida failed to compensate Plaintiff Zetina-Rabelo for the seventy-two hours he worked at the agreed upon rate of $10.00 per hour.

53. During the period of April 29, 2016 to May 5, 2016, Movida failed to calculate the proper overtime rate for the thirty-two hours of overtime for which Plaintiff Zetina-Rabelo worked during the pay period.

54. During the period of August 5, 2016 to August 18, 2016, Movida compensated Plaintiff for 33.20 hours and failed to compensate him for the remaining 66.0 hours in which he worked during the pay period.

55. As set forth above, Plaintiff Zetina-Rabelo has sustained losses in minimum wages, agreed upon wages, and overtime compensation in his compensation between April 29, 2016 and May 5, 2016, and August 5, 2016 to August 18, 2016, as a proximate result of Movida's violations. Accordingly, Plaintiff Zetina-Rabelo seeks damages in the amount of his unpaid minimum wages, agreed upon wages, and overtime compensation, liquidated damages, injunctive relief requiring Movida to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

56. Plaintiff Zetina-Rabelo seeks recovery of attorneys' fees and the costs of this action to be paid by Movida.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff Zetina-Rabelo, on his own behalf and on the behalf of all members of the FLSA Back-of-House Class request the following relief:

a) An order designating this action as a collective action on behalf of the Back-of-House Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

c) An order finding that Movida violated the FLSA and Wisconsin Law;

d) An order finding that these violations were willful;

e) Judgment against Movida in the amount equal to Plaintiff Zetina-Rabelo, and the FLSA Back-of-House Class unpaid wages;

f) An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

g) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

h) Such further relief as the Court deems just and equitable.

Dated this 3rd day of April, 2017.

Respectfully submitted,

*s/ Larry A. Johnson*
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Timothy Maynard
Bar Number 1080953
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com